AO 243 (Rev. 5/85)   MOTION UNDER 28 USC § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

| United States District Court | District | Massachusetts (Boston) |
|---|---|---|

| Name of Movant | Prisoner No. | Case No. |
|---|---|---|
| Aaron Barrows | 23282-038 | 00-10331-PBS |

Place of Confinement: FCI McKean, P.O. Box 8000 Bradford, PA 16701

MAGISTRATE JUDGE _____

UNITED STATES OF AMERICA    V.    Aaron Barrows
(name under which convicted)

## MOTION

05-10361-PBS

1. Name and location of court which entered the judgment of conviction under attack __United States District Court District of Massachusetts One Courthouse Way Boston, MA 02210__

2. Date of judgment of conviction __9/20/01__

3. Length of sentence __168 Months__

4. Nature of offense involved (all counts) __Possession with the Intent to Distribute and Distribution of Cocain Base__

5. What was your plea? (Check one)
   (a) Not guilty ☐
   (b) Guilty ☒
   (c) Nolo contendere ☐

   If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details:

6. If you pleaded not guilty, what kind of trial did you have? (Check one)
   (a) Jury ☐
   (b) Judge only ☐

7. Did you testify at the trial?
   Yes ☐ No ☐

8. Did you appeal from the judgment of conviction?
   Yes ☒ No ☐

(2)

AO 243 (Rev. 5/85)

9. If you did appeal, answer the following:

   (a) Name of court __United States Court of Appeals (First Circuit)__

   (b) Result __Dismissed in accordance with Rule 3(b)__

   (c) Date of result __February 1, 2002__

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications or motions with respect to this judgment in any federal court?
    Yes ☒ No ☐

11. If your answer to 10 was "yes," give the following information:

    (a) (1) Name of court __United States Court of Appeals__

    (2) Nature of proceeding __Motion to Recall Mandate__

    (3) Grounds raised __District Court errored by sentencing the Appellant as a Career Offender., Enhancement for drug type/drug quantity not listed in the Indictment and determined under a preponderance of the evidence standard.__

    (4) Did you receive an evidentiary hearing on your petition, application or motion?
    Yes ☐ No ☒

    (5) Result __Motion Denied__

    (6) Date of result __12/6/04__

    (b) As to any second petition, application or motion give the same information:

    (1) Name of court __N/A__

    (2) Nature of proceeding __N/A__

    (3) Grounds raised __N/A__

(3)

AO 243 (Rev. 5/85)

    (4) Did you receive an evidentiary hearing on your petition, application or motion?
        Yes ☐ No ☐

    (5) Result_____N/A_____

    (6) Date of result _____

  (c) Did you appeal, to an appellate federal court having jurisdiction, the result of action taken on any petition, application or motion?
    (1) First petition, etc.    Yes ☒ No ☐
    (2) Second petition, etc.  Yes ☐ No ☐

  (d) If you did not appeal from the adverse action on any petition, application or motion, explain briefly why you did not:
    _____N/A_____

12. State *concisely* every ground on which you claim that you are being held in violation of the constitution, laws or treaties of the United States. Summarize briefly the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting same.

    CAUTION: If you fail to set forth all ground in this motion, you may be barred from presenting additional grounds at a later date.

  For your information, the following is a list of the most frequently raised grounds for relief in these proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you have other than those listed. However, you should raise in this motion all available grounds (relating to this conviction) on which you based your allegations that you are being held in custody unlawfully.
  Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The motion will be returned to you if you merely check (a) through (j) or any one of the grounds.
  (a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily or with understanding of the nature of the charge and the consequences of the plea.
  (b) Conviction obtained by use of coerced confession.

AO 243 (Rev. 5/85)

(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.
(e) Conviction obtained by a violation of the privilege against self-incrimination.
(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
(g) Conviction obtained by a violation of the protection against double jeopardy.
(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impanelled.
(i) Denial of effective assistance of counsel.
(j) Denial of right of appeal.

A. Ground one: District Court Errored by sentencing the Appellant as a Career offender.

Supporting FACTS (state *briefly* without citing cases or law) Appelant does not meet the requirement to be sentenced as a career offender.

B. Ground two: Enhancement for drug type/drug quantity not properly listed in the Indictment.

Supporting FACTS (state *briefly* without citing cases or law): Drug type was not properly listed and Enhancement 100 to 1 ratio was improperly applied in this case.

C. Ground three: N/A

Supporting FACTS (state *briefly* without citing cases or law): N/A

(5)

AO 243 (Rev. 5/85)

D. Ground four: _____N/A_____

Supporting FACTS (state *briefly* without citing cases or law): _____N/A_____

13. If any of the grounds listed in 12A, B, C, and D were not previously presented, state briefly what grounds were not so presented, and give your reasons for not presenting them: _____N/A_____

14. Do you have any petition or appeal now pending in any court as to the judgment under attack?
Yes ☐ No ☒

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

(a) At preliminary hearing _Miram Conrad (address unknown)_

(b) At arraignment and plea _Miram Conrad (Public Defender)[Plea]_
_Rudolph F. Miller One McKinley Sq 3rd Floor Boston, Ma 02109_

(c) At trial _____

(d) At sentencing _Rudolph F. Miller One Mckinley Sq 3rd Floor Boston, Ma 02109_

(6)

AO 243 (Rev. 5/85)

(e) On appeal  Rudolph F. Miller One McKinley Sq 3rd Floor Boston, Ma 02109

(f) In any post-conviction proceeding  N/A

(g) On appeal from any adverse ruling in a post-conviction proceeding  N/A

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at approximately the same time?
    Yes ☒ No ☐

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
    Yes ☐ No ☒

    (a) If so, give name and location of court which imposed sentence to be served in the future:  N/A

    (b) Give date and length of the above sentence:  N/A

    (c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
    Yes ☐ No ☒

Wherefore, movant prays that the Court grant him all relief to which he may be entitled in this proceeding.

_____
Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

  1/29/05
  (date)

                                                        _Aaron Barrows_
                                                        Signature of Movant

(7)

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS (BOSTON)

Aaron Barrows,  )
    Petitioner,  )
                           )   Case No. 00-10331-PBS
    versus  )
United States of America,  )
    Respondent.  )

**MEMORANDUM OF LAW IN SUPPORT OF PETITIONER
AARON BARROWS 28 U.S.C. § 2255 TO VACATE,
SET ASIDE, OR CORRECT SENTENCE BY A PERSON
IN FEDERAL CUSTODY**

**A. District Court errored by sentencing the Petitioner as a Career Offender.**

Petitioner does not meet the requirement to be sentenced as a career offender under 4B1.1 of the U.S.S.G., The Petitioner was enhanced as a career offender based on two (2) prior convictions, one of which does not qualify under U.S.S.G. 4B1.1, the District Court errored in accepting the (Probation Departments) analysis that Petitioner Barrows possessed the required two prior felony convictions.

The Petitioners prior convictions for counterfit substance under Mass. General Law (STATUTE) clearly states that:

> 94C § 32 G. Any person who knowingly or intentionally creates, distributes, dispenses or possesses with intent to distribute or dispense a counterfit substance shall be punished by imprisonment in a jail or a house of corrections for not more than one year or by fine not less than 250 no more than $2500.00, or both such fine and imprisonment.

In US v. Hester 917 F.2d 1083 (8th Cir. 1990), The Court made clear that the point is (the issue is not the amount of time, or sentence imposed, but the ability of a sentence in excess of greater than one year)., Under Mass. General Law the maximum term of confinement is for not more than one year. (MGL 94C § 32 G).

U.S.S.G. 4B1.1 defines a felony conviction as an offense "punishable by imprisonment for a term exceeding one year reguardless of whether the offense is specifically designated as a felony and reguardless of actual sentence imposed"., Again the Petitioner was enhanced 14 levels without a jury determination of actual GUILT.

Petitioner is actually innocent of "CAREER OFFENDER" see: United States v. Olan 507 US. 725 (1993)., Consequently plain error review is precluded to the extent that it requires a stringent "prejudice" analysis., U.S v. Olan 507 U.S 725 (1993). Plain error never applies just to jurisdictional errors, not only does F.R.C.P. 12(B)(2) provide that defects in the indictment which go into the offense; shall be noticed by the Court at any time during pendency of proceedings, but even when the defendant has failed to bring jurisdictional error to the attention of the Courts, Courts have held that the reviewing Court have an affirmative obligation, to correct such jurisdictional error on Habeas review. Harris v. U.S 149 F.3d 1304,1308 (11th Cir. 1998).

Accordingly a grand juries failure to return a proper indictment is a jurisdictional defect that is not waived, even by a guilty plea US v. Bell 22 F.3d 274-275 (11th Cir. 1994)., U.S v. Meacham 626 F. 2d 510 (5th Cir. 1980)., Because jurisdictional

defects are not waive-able and cannot be procedurally defaulted, petitioner need not show cause and prejudice to justify his failure to raise such a claim.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one year period of limitation for the filing of a section 2255 motion., The one- year period starts from the latest of: (1) the date on which the judgement of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the consti- tution or Laws of the United States are removed, if the petitioner was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court and made retroactively applicable on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Thru due diligence the Petitioner PRESERVED a strong case for "Factual Innocence"., Under "factual innocence" the Petitioner even if he fails to establish cause, a Court may still entertain the Habeas petition in extraordinary cases where failure to do so would result in a fundamental misscarriage of Justice., This is a narrower exception intended only to relieve from a conviction one who is factually innocent of a crime., see: U.S v. MacDonald 966 F.2d 859 (4th Cir. 1992).

Where Petitioner's time would be completed, it would be a grave error for this Court to do everything in it's power to correct the constitutional and jurisdictional defects presented

before this Honorable Court in this present case.

**B. Enhancement for drug type/drug quantity not properly listed in the Indictment.**

The United States Supreme Court held "The due-process clause of the Fifth & Sixth Amendment requires any fact (other than a prior conviction) that increases the penalty of a crime beyond a reasonable doubt unanimously.

This reasoning requires that any fact be properly plead beyond a reasonable doubt., This reasoning also requires that any fact be properly plead in the Indictment as well., Apprendi v. New Jersey, 550 U.S. 466, 120 S. Ct. 2348-2363, 147 L.Ed 2d 435 (2000) Quoting: Jones v. U.S., 526 U.S. 227,243,252-53., Blakely v. Washington, 542 U.S. __ , 2004., is genuinely applicable in this case in several reguards.

First of all Petitioner was sentenced in September of 2001, a full year after the Supreme Court handed down it's ruling in Apprendi, supra, secondly; the Court held that the 14th & 6th amendments to the Constitution of the United States entitled a criminal defendant to a jury determination that he is guilty of every element of the crime in which he is charged, beyond a reasonable doubt.

Third; after the bright line drawn in the Apprendi ruling there can be no doubt that drug type and amounts are now and were at the time of Barrows sentencing elements of the crime for which Petitioner was being charged and were not left in the DOMAIN of the PREPONDERANCE of the evidence for determinatin by the District judge; and lastly with its ruling in Blakely, supra, the Court

clarified its prior ruling handed down in Apprendi, that the maximum a judge could impose after finding additional facts but the maximum he can impose without any additional finding based on a jury verdict alone; admitted by the defendant., Indeed, petitioner admitted to an amount of drugs he was responsible for, however the enhancement for "crack" (100 to 1) ratio was misapplied where no jury determination that the substance alone was "crack" for these guidelines.

United States v. James, 78 F.3d 851 (1996), the defendant presented expert testimony that there were several ways of preparing cocaine base, only one of which will yield crack. In United States v. Munoz-Realpe, 21 F.3d 375 (1994), the Eleventh Circuit addressed the impact of the 1993 amendment (No.487) and held that other forms of cocaine base that are not crack should be treated as regular cocaine for sentencing purposes.

The James court found the Munoz-Realpe reasoning to be pursuasive., With this in mind, the Court held that because the Government failed to prove by a preponderance of the evidence that the form of cocaine base sold by the defendant was actually crack, it was error to apply the enhanced sentence for crack., Under the Sentencing Guidelines, the base offense level for offense involving a quantity of cocaine base is the same as the offense level for offenses involving 100 times that quantity of cocaine., For example, Petitioner Barrows was held accountable for at least 50 grams but less than 150 grams of cocaine base.

This gave him a base offense level of 32., U.S.S.G. §2D1.1(c)(4).

In comparison, level 32 is applied to offense involving at least 5 kilograms but less than 15 kilograms of cocaine. Id. petitioners offense had involved cocaine, his offense level would have been 18 (at least 100 grams but less than 200 grams of cocaine) since 132.7 grams were attributed to him., The corresponding guideline range with a criminal history category V would have been **51 to 63 months.**

The Guidelines do not offer a definition of "cocaine" and 1993 did not define "cocaine base.", The defining amendment reads:

> "Cocaine base", for the purpose of this Guideline, means "crack". "Crack" is the street name for a form of cocaine of cocaine base, usually prepared by processing cocaine hydrochloride and sodium bicarbonate, and usually appearing in a lumpy, rock-like form.

U.S.S.G. § 2D1.1; U.S.S.G. App C Amendment 487 effective November 1, 1993., Amendment 487 is properly treated as a clarification, rather than a substantive change, giving Petitioner Barrows the benefit of that clarification., The District Court's enhanced sentence for crack was <u>not</u> warranted., Petitioners Indictment charged him with possessing with intent to distribute a "cocaine-base" (see Indictment) The Government's laboratory analysis reported the substance as "cocaine base and caffeine". (See DEA Report, Exhibit 1 thru 7). Finally, petitioner was plead guilty of "Cocaine base.", Given the record, the District Court errored in applying the enhanced sentence for crack because petitioner had not plead guilty to possessing "crack". As Stated in amendment (No.487) "cocaine hydrochloride and sodium bicarbonate and usually appearing in a lumpy, rock-like form.", With that being noted the enhancement without a jury determination, also noted that the

substance contained "cocaine base and Caffeine" which does not yield crack. <u>United States v. Garret</u>, 189 F.3d 610 (7th Cir. 1999) the Circuit stated that "cocaine base" and "crack" are not interchangeable terms., So merely saying "cocaine base" known as "crack" doesn't constitute applying the enhanced penalty when the word "crack" is a street term used to describe one of the many forms of "cocaine base". See: Amendment (487).

Due to the recent Supreme Court rulings in <u>Apprendi</u>, <u>Blakely</u>, <u>Booker</u>, and <u>FanFan</u>, without any jury determination an enhancement is un-warrented.

Wherefore the foregoing reasons Petitioner Barrows ask this Honorable Court to allow this Habeas review and have the violations of his constitutional rights, and the jurisdictional defects that are pretained therein corrected., In hopes justice will be served in this case.

Respectfully Submitted,

*Aaron Barrows*
Aaron Barrows, Petitioner
Pro-se #23282-038
Federal Correctional Institution
McKean, P.O. Box 8000
Bradford, PA 16701

**U.S. Department of Justice**
**Drug Enforcement Administration**

Read instructions on Reverse before completing.

## REPORT OF DRUG PROPERTY COLLECTED, PURCHASED OR SEIZED

| 1. HOW OBTAINED (Check) | | | | 2a. FILE NO. | 2b. PROGRAM CODE | 3. G-DEP ID |
|---|---|---|---|---|---|---|
| ☐ Lab. Seizure ☐ Internal Body Carry | ☒ Purchase ☐ Money Flashed ☐ Other (Specify) | ☐ Seizure ☐ Compliance Sample (Non-Criminal) | ☐ Free Sample | CC-99-0218 | | |

| 4a. WHERE OBTAINED (City, State/Country) | 4b. DATE OBTAINED | 5. FILE TITLE |
|---|---|---|
| Pembroke MA | 05-02-2000 | |

| 6a. REFERRING AGENCY (Name) | 6b. REFERRAL ☐ Case No. OR ☐ Seizure No. No. | 7. DATE PREPARED | 8. GROUP NO. |
|---|---|---|---|
| | | 05-02-2000 | Task Force Two |

| 9. Exhibit No. | 10. FDIN (10 characters) | 11. ALLEGED DRUGS | 12. MARKS OR LABELS (Describe fully) | APPROX. GROSS QUANTITY | | 15. Purchase Cost |
|---|---|---|---|---|---|---|
| | | | | 13. Seized | 14. Submitted | |
| 42 | | Cocaine | A clear plastic bag containing a yellow rock like substance believe to be crack cocaine. | | 31.0 | 540.00 |

**16. WAS ORIGINAL CONTAINER SUBMITTED SEPARATE FROM DRUG?** ☒ NO (included above) ☐ YES (if Yes, enter exhibit no. and describe original container fully)

**REMARKS:**

Exhibit #42 was purchased by ▓▓▓▓▓ form Aaron BARROWS AKA "STEVE" on 05-02-2000 in the town of Pembroke. Exhibit #42 had a gross weight of 31.0 Grams and was field tested by TFA ▓▓▓▓▓ with positive results for cocaine. ▓▓▓▓▓ maintained care and custody of exhibit #42 until it was submitted to the NERL via RMRRR.

## LABORATORY EVIDENCE RECEIPT REPORT

| 19. NO. PACKAGES | 20. RECEIVED FROM (Signature & Date) | 21. Print or Type NAME and TITLE |
|---|---|---|
| 1 | | |

| 22. SEAL ☐ Broken ☒ Unbroken | | |

## LABORATORY REPORT

**25. ANALYSIS SUMMARY AND REMARKS**

Exhibit #42 contains cocaine base and caffeine.

Gross Wt. = 31.1 g

Net Wt. = 6.3 g

| 26. Exhibit No. | 27. Lab. No. | 28. ACTIVE DRUG INGREDIENT (Established or Common Name) | CONCENTRATION | | | 32. AMT. OF PURE DRUG | 33. RESERVE |
|---|---|---|---|---|---|---|---|
| | | | 29. Strength | 30. Measure | 31. Unit | | |
| 42 | 135320 | cocaine base | 50 | % | | 3.1 g | 5.8 g |

| 34. ANALYST (Signature) | 35. TITLE | 36. DATE COMPLETED /19/00 |
|---|---|---|
| | | LOCATION YORK |

DEA Form - 7
(Sept 1995)

Previous edition dated 4/90 may be used until stock is exhausted.

4- Hqs. File (PINK)

9

**U.S. Department of Justice**
**Drug Enforcement Administration**

**REPORT OF DRUG PROPERTY COLLECTED, PURCHASED OR SEIZED**

Read instructions on Reverse before completing.

| 1. HOW OBTAINED (Check) | | | 2a. FILE NO. | 2b. PROGRAM CODE | 3. G-DEP ID |
|---|---|---|---|---|---|
| [X] Purchase [ ] Seizure [ ] Free Sample [ ] Lab. Seizure [ ] Money Flashed [ ] Compliance Sample (Non-Criminal) [ ] Internal Body Carry [ ] Other (Specify) | | | CC-99-0218 | | |

| 4a. WHERE OBTAINED (City, State/Country) | 4b. DATE OBTAINED | 5. FILE TITLE |
|---|---|---|
| Pembroke MA | 05-04-2000 | |

| 6a. REFERRING AGENCY (Name) | 6b. REFERRAL [ ] Case No. OR [ ] Seizure No. No. | 7. DATE PREPARED 05-02-2000 | 8. GROUP NO. Task Force Two |
|---|---|---|---|

| 9. Exhibit No. | 10. FDIN (10 characters) | 11. ALLEGED DRUGS | 12. MARKS OR LABELS (Describe fully) | APPROX. GROSS QUANTITY | | 15. Purchase Cost |
|---|---|---|---|---|---|---|
| | | | | 13. Seized | 14. Submitted | |
| # 43 | | Crack Cocaine | A clear plastic bag containing 10 smaller clear plastic bags containing a yellow rock like substance believed to be crack cocaine. | | 31.1 Grams | $450.00 |

**16. WAS ORIGINAL CONTAINER SUBMITTED SEPARATE FROM DRUG?** [X] NO (included above) [ ] YES (if Yes, enter exhibit no. and describe original container fully)

**REMARKS:**
Exhibit #43 was purchased from Aaron BARROWS in the town of Pembroke on 05-04-2000 by TFA ▓▓▓▓ maintained care & custody of exhibit # 43 until it was placed in the overnight vault at DEA Boston for safekeeping where it will remain until retrieved by TFA ▓▓▓▓ and sent to the NERL via RMRRR. ▓▓▓▓ field tested exhibit #43 with positive results for cocaine and had a gross weight of 31.1 Grams

**LABORATORY EVIDENCE RECEIPT REPORT**

| 19. NO. PACKAGES | 20. RECEIVED FROM (Signature & Date) | 21. Print or Type NAME and TITLE |
|---|---|---|
| | | |

**22. SEAL** [ ] Broken [X] Unbroken

**LABORATORY REPORT**

**25. ANALYSIS SUMMARY AND REMARKS**

Exhibit #43 contains cocaine base and caffeine.

Gross Wt. = 31.4 g

Net Wt. = 4.8 g

| 26. Exhibit No. | 27. Lab. No. | 28. ACTIVE DRUG INGREDIENT (Established or Common Name) | CONCENTRATION | | | 32. AMT. OF PURE DRUG | 33. RESERVE |
|---|---|---|---|---|---|---|---|
| | | | 29. Strength | 30. Measure | 31. Unit | | |
| 43 | 135471 | cocaine base | 50 | % | | 2.4 g | 4.2 g |

| 34. ANALYST (Signature) | 35. TITLE | 36. DATE COMPLETED 07/23/00 |
|---|---|---|
| | | 39. LAB. LOCATION NEW YORK |

DEA Form - 7 (Sept. 1995)     Previous edition dated 4/90 may be used until stock is exhausted.     4- Hqs. File (PINK)

10

**U.S. Department of Justice**
**Drug Enforcement Administration**

**REPORT OF DRUG PROPERTY COLLECTED, PURCHASED OR SEIZED**

*Read Instructions on Reverse before completing.*

1. HOW OBTAINED (Check): [X] Purchase  [ ] Seizure  [ ] Free Sample  [ ] Lab. Seizure  [ ] Money Flashed  [ ] Compliance Sample (Non-Criminal)  [ ] Internal Body Carry  [ ] Other (Specify)

2a. FILE NO.: CC-99-0218
2b. PROGRAM CODE:
3. G-DEP ID:

4a. WHERE OBTAINED (City, State/Country): Braintree MA
4b. DATE OBTAINED: 05-09-2000
5. FILE TITLE:

6a. REFERRING AGENCY (Name):
6b. REFERRAL: [ ] Case No. OR  [ ] Seizure No.  No.

7. DATE PREPARED: 05-09-2000
8. GROUP NO.: Task Force Two

| 9. Exhibit No. | 10. FDIN (10 characters) | 11. ALLEGED DRUGS | 12. MARKS OR LABELS (Describe fully) | 13. Seized | 14. Submitted | 15. Purchase Cost |
|---|---|---|---|---|---|---|
| #44 | | Crack Cocaine | 1 clear plastic bag containing 16 smaller clear plastic bags containing an off white substance believed to be crack cocaine. | | 33.0 Grams | $600.00 |

16. WAS ORIGINAL CONTAINER SUBMITTED SEPARATE FROM DRUG? [X] NO (included above)  [ ] YES (If Yes, enter exhibit no. and describe original container fully)

REMARKS:
Exhibit #44 was purchased from Aaron BARROWS AKA STEVE in the town of Braintree MA on 05-09-2000 for $600.00. ▓▓▓▓▓ maintained care and custody of exhibit #44 until it was placed in the overnight vault at DEA Boston for safekeeping where it will remain until retrieved and sent to the NERL via RMRR by ▓▓▓▓▓ Exhibit #44 had a gross weight of 33.0 grams and was field tested with positive results for cocaine by ▓▓▓▓▓

19. NO. PACKAGES:
22. SEAL: [ ] Broken  [X] Unbroken
25. ANALYSIS SUMMARY:

Exhibit #44 contains cocaine base and caffeine.

Gross Wt. = 33.3 g

Net Wt. = 6.9 g

| 26. Exhibit No. | 27. Lab. No. | 28. ACTIVE DRUG INGREDIENT (Established or Common Name) | 29. Strength | 30. Measure | 31. Unit | 32. AMT. OF PURE DRUG | 33. RESERVE |
|---|---|---|---|---|---|---|---|
| 44 | 135470 | cocaine base | 49 | % | | 3.3 g | 6.0 g |

34. ANALYST (Signature):
35. TITLE: FORENSIC CHEMIST
36. DATE COMPLETED: 07/27/00
TITLE: LABORATORY DIRECTOR
39. LAB. LOCATION: NEW YORK

DEA Form - 7 (Sept. 1995)    Previous edition dated 4/90 may be used until stock is exhausted.    4- Hqs. File (PINK)

**U.S. Department of Justice**
Drug Enforcement Administration

Read Instructions on Reverse before completing.

## REPORT OF DRUG PROPERTY COLLECTED, PURCHASED OR SEIZED

| 1. HOW OBTAINED (Check) | | | | 2a. FILE NO. | 2b. PROGRAM CODE | 3. G-DEP ID |
|---|---|---|---|---|---|---|
| [X] Purchase | [ ] Seizure | [ ] Free Sample | | | | |
| [ ] Lab. Seizure | [ ] Money Flashed | [ ] Compliance Sample (Non-Criminal) | | CC-99-0218 | | |
| [ ] Internal Body Carry | [ ] Other (Specify) | | | | | |

| 4a. WHERE OBTAINED (City, State/Country) | 4b. DATE OBTAINED | 5. FILE TITLE |
|---|---|---|
| Braintree MA | 05-17-2000 | |

| 6a. REFERRING AGENCY (Name) | 6b. REFERRAL | 7. DATE PREPARED | 8. GROUP NO. |
|---|---|---|---|
| | [ ] Case No. OR [ ] Seizure No. No. | 05-17-2000 | Task Force Two |

| 9. Exhibit No. | 10. FDIN (10 characters) | 11. ALLEGED DRUGS | 12. MARKS OR LABELS (Describe fully) | APPROX. GROSS QUANTITY | | 15. Purchase Cost |
|---|---|---|---|---|---|---|
| | | | | 13. Seized | 14. Submitted | |
| 45 | | Crack cocaine | Ex 45 is a clear plastic bag containing a yellow rock like substance believed to be crack cocaine. | | 53.2 Grams | $1350.00 |

16. WAS ORIGINAL CONTAINER SUBMITTED SEPARATE FROM DRUG? [X] NO (included above)  [ ] YES (if Yes, enter exhibit no. and describe original container fully)

REMARKS:
Exhibit #45 was purchased by ▓▓▓ from Aaron BARROWS AKA "STEVE" in the town of Braintree on 05-17-2000 for $1350.00. ▓▓▓ maintained care and custody of exhibit #45 until it was placed in the overnight vault at DEA Boston where it remained until retrieved by ▓▓▓ and sent to the NERL via RMRRR. Exhibit #45 had a gross weight of 53.2 Grams and was field tested positive for cocaine by ▓▓▓.

### LABORATORY EVIDENCE RECEIPT REPORT

| 19. NO. PACKAGES | 20. RECEIVED FROM (Signature & Date) | 21. Print or Type NAME and TITLE |
|---|---|---|
| | | |

| 22. SEAL |
|---|
| [ ] Broken  [X] Unbroken |

LABORATORY REPORT

25. ANALYSIS SUMMARY AND REMARKS

Exhibit #45 contains cocaine base and caffeine.

Gross Wt. = 53.3 g

Net Wt. = 27.7 g

| 26. Exhibit No. | 27. Lab. No. | 28. ACTIVE DRUG INGREDIENT (Established or Common Name) | CONCENTRATION | | | 32. AMT. OF PURE DRUG | 33. RESERVE |
|---|---|---|---|---|---|---|---|
| | | | 29. Strength | 30. Measure | 31. Unit | | |
| 45 | 135003 | cocaine base | 41 | % | | 11.3 g | 26.9 g |

| 34. ANALYST (Signature) | 35. TITLE | 36. DATE COMPLETED |
|---|---|---|
| | FORENSIC CHEMIST | 07/19/00 |
| | TITLE LABORATORY DIRECTOR | 39. LAB. LOCATION NEW YORK |

DEA Form - 7
(Sept. 1995)

Previous edition dated 4/90 may be used until stock is exhausted.

4- Hqs. File (PINK)


**U.S. Department of Justice**
**Drug Enforcement Administration**

(See instructions on Reverse before completing.)

**REPORT OF DRUG PROPER... COLLECTED, PURCHASED OR SEIZED**

| 1. HOW OBTAINED (Check) | | | | 2a. FILE NO. | 2b. PROGRAM CODE | 3. G-DEP ID |
|---|---|---|---|---|---|---|
| [X] Purchase  [ ] Seizure  [ ] Free Sample | | | | CC-99-0218 | | |
| [ ] Lab. Seizure  [ ] Money Flashed  [ ] Compliance Sample (Non-Criminal) | | | | | | |
| [ ] Internal Body Carry  [ ] Other (Specify) | | | | | | |

| 4a. WHERE OBTAINED (City, State/Country) | 4b. DATE OBTAINED | 5. FILE TITLE |
|---|---|---|
| Braintree MA | 05-31-2000 | |

| 6a. REFERRING AGENCY (Name) | 6b. REFERRAL  [ ] Case No. OR [ ] Seizure No.  No. | 7. DATE PREPARED | 8. GROUP NO. |
|---|---|---|---|
| | | 05-31-2000 | Task Force Two |

| 9. Exhibit No. | 10. FDIN (10 characters) | 11. ALLEGED DRUGS | 12. MARKS OR LABELS (Describe fully) | 13. Seized | 14. Submitted | 15. Purchase Cost |
|---|---|---|---|---|---|---|
| 47 | | Crack Cocaine | A clear plastic bag containing a yellow rock like substance believed to be crack cocaine. | | 53.2 Grams | $1350.00 |

**16. WAS ORIGINAL CONTAINER SUBMITTED SEPARATE FROM DRUG?** [X] NO (included above) [ ] YES (if Yes, enter exhibit no. and describe original container fully)

**REMARKS:**
Exhibit #47 was purchased by ▓▓▓▓ from Aaron BARROWS in the town of Braintree on 05-31-2000. ▓▓▓▓ maintained care & custody of exhibit #47 until it was placed in the Overnight Vault at DEA Boston where it remained until retrieved by ▓▓▓▓ and sent to the NERL via RMRRR. Exhibit #47 had a gross weight of 53.2 Grams.

| 19. NO. PACKAGES | 20. RECEIVED FROM (Signature & Date) | NAME and TITLE |
|---|---|---|
| 1 | | |

| 22. SEAL |
|---|
| [ ] Broken  [X] Unbroken |

**LABORATORY REPORT**

**25. ANALYSIS SUMMARY AND REMARKS**

Exhibit #47 contains cocaine base and caffeine.

Gross Wt. = 53.4 g

Net Wt. = 27.7 g

| 26. Exhibit No. | 27. Lab. No. | 28. ACTIVE DRUG INGREDIENT (Established or Common Name) | CONCENTRATION | | | 32. AMT. OF PURE DRUG | 33. RESERVE |
|---|---|---|---|---|---|---|---|
| | | | 29. Strength | 30. Measure | 31. Unit | | |
| 47 | 135834 | cocaine base | 41 | % | | 11.3 g | 16.7 g |

| 34. ANALYST (Signature) | 35. TITLE | 36. DATE COMPLETED |
|---|---|---|
| | FORENSIC CHEMIST | 07/26/00 |
| | TITLE | 39. LAB. LOCATION |
| | LABORATORY DIRECTOR | NEW YORK |

DEA Form (Sept. 1995) - 7      Previous edition dated 4/90 may be used until stock is exhausted.      4- Hqs. File (PINK)

12

**U.S. Department of Justice**
Drug Enforcement Administration

REPORT OF DRUG PROPERTY COLLECTED, PURCHASED OR SEIZED

| 1. HOW OBTAINED (Check) | | | 2a. FILE NO. | 2b. PROGRAM CODE | 3. G-DEP ID |
|---|---|---|---|---|---|
| [X] Purchase  [ ] Seizure  [ ] Free Sample  [ ] Lab. Seizure  [ ] Money Flashed  [ ] Compliance Sample (Non-Criminal)  [ ] Internal Body Carry  [ ] Other (Specify) | | | CC-99-0218 | | |

| 4a. WHERE OBTAINED (City, State/Country) | 4b. DATE OBTAINED | 5. FILE TITLE |
|---|---|---|
| Boston MA | 05-31-2000 | |

| 6a. REFERRING AGENCY (Name) | 6b. REFERRAL [ ] Case No. OR [ ] Seizure No. | 7. DATE PREPARED | 8. GROUP NO. |
|---|---|---|---|
| | | 05-31-2000 | Task Force Two |

| 9. Exhibit No. | 10. FDIN (10 characters) | 11. ALLEGED DRUGS | 12. MARKS OR LABELS (Describe fully) | APPROX. GROSS QUANTITY | | 15. Purchase Cost |
|---|---|---|---|---|---|---|
| | | | | 13. Seized | 14. Submitted | |
| 48 | | Crack Cocaine | A clear plastic bag containing a yellow rock like substance believed to be crack cocaine. | | 53.4 Grams | $1300.00 |

16. WAS ORIGINAL CONTAINER SUBMITTED SEPARATE FROM DRUG?  [X] NO (included above)  [ ] YES (if Yes, enter exhibit no. and describe original container fully)

REMARKS:
Exhibit #48 was purchased by ▓▓▓▓ from Aaron BARROWS in the city of Boston on 05-31-2000. ▓▓▓▓ maintained care & custody of exhibit #48 until it was placed in the Overnight Vault at DEA Boston where it remained until retrieved by ▓▓▓▓ and sent to the NERL via RMRRR. Exhibit #48 had a gross weight of 53.4 Grams.

| 19. NO. PACKAGES | 20. RECEIVED FROM (Signature & Date) | 21. Print or Type NAME and TITLE |
|---|---|---|
| 1 | | |

| 22. SEAL [ ] Broken [X] Unbroken | | 24. Print or Type NAME and TITLE |
|---|---|---|

LABORATORY REPORT

25. ANALYSIS SUMMARY AND REMARKS

Exhibit #48 contains cocaine base and caffeine.

Gross Wt. = 53.4 g

Net Wt. = 27.6 g

| 26. Exhibit No. | 27. Lab. No. | 28. ACTIVE DRUG INGREDIENT (Established or Common Name) | CONCENTRATION | | | 32. AMT. OF PURE DRUG | 33. RESERVE |
|---|---|---|---|---|---|---|---|
| | | | 29. Strength | 30. Measure | 31. Unit | | |
| 48 | 135235 | cocaine base | 44 | % | | 12.1 g | 26.6 g |

| 34. ANALYST (Signature) | 35. TITLE FORENSIC CHEMIST | 36. DATE COMPLETED 07/26/00 |
|---|---|---|
| | TITLE LABORATORY DIRECTOR | 39. LAB. LOCATION NEW YORK |

DEA Form (Sept. 1995) - 7    Previous edition dated 4/90 may be used until stock is exhausted.    4- Hqs. File (PINK)

U.S. Department of Justice
Drug Enforcement Administration

Read Instructions on Reverse before completing.

**REPORT OF DRUG PROPERTY COLLECTED, PURCHASED OR SEIZED**

| 1. HOW OBTAINED (Check) | | 2a. FILE NO. | 2b. PROGRAM CODE | 3. G-DEP ID |
|---|---|---|---|---|
| [X] Purchase  [ ] Seizure  [ ] Free Sample [ ] Lab. Seizure  [ ] Money Flashed  [ ] Compliance Sample (Non-Criminal) [ ] Internal Body Carry  [ ] Other (Specify) | | CC-99-0218 | | |

| 4a. WHERE OBTAINED (City, State/Country) | 4b. DATE OBTAINED | 5. FILE TITLE |
|---|---|---|
| Boston MA | 06-12-2000 | |

| 6a. REFERRING AGENCY (Name) | 6b. REFERRAL [ ] Case No. OR [ ] Seizure No. No. | 7. DATE PREPARED | 8. GROUP NO. |
|---|---|---|---|
| | | 06-12-2000 | Task Force Two |

| 9. Exhibit No. | 10. FDIN (10 characters) | 11. ALLEGED DRUGS | 12. MARKS OR LABELS (Describe fully) | APPROX. GROSS QUANTITY | | 15. Purchase Cost |
|---|---|---|---|---|---|---|
| | | | | 13. Seized | 14. Submitted | |
| 49 | | Crack Cocaine | 1 clear plastic bag containing a yellow rock like substance believed to be crack cocaine. | | 52.6 Grams | $1200.00 |

16. WAS ORIGINAL CONTAINER SUBMITTED SEPARATE FROM DRUG?  [X] NO (included above)  [ ] YES (if Yes, enter exhibit no. and describe original container fully)

REMARKS:
Exhibit #49 was purchased form Aaron BARROWS AKA "STEVE" by ▓▓▓ on 06-12-2000 in the city of Boston MA for $1200.00. Exhibit #49 had a gross weigyht of 52.6 Grams and remained in the care and custody of ▓▓▓ until it was placed in the overnight vault at DEA Boston for safekeeping where it remained until retrieved by ▓▓▓ and sent to the NERL via RMRRR.

| 19. NO. PACKAGES | 20. RECEIVED FROM (Signature & Date) | 21. Print or Type NAME and TITLE |
|---|---|---|

| 22. SEAL |
|---|
| [ ] Broken  [X] Unbroken |

LABORATORY R...

25. ANALYSIS SUMMARY AND REMARKS

Exhibit #49 contains cocaine base and caffeine.

Gross Wt. = 32.7 g

Net Wt. = 27.3 g

| 26. Exhibit No. | 27. Lab. No. | 28. ACTIVE DRUG INGREDIENT (Established or Common Name) | CONCENTRATION | | | 32. AMT. OF PURE DRUG | 33. RESERVE |
|---|---|---|---|---|---|---|---|
| | | | 29. Strength | 30. Measure | 31. Unit | | |
| 49 | 13224 | cocaine base | 42 | % | | 11.4 g | 26.4 g |

| 34. ANALYST (Signature) | 35. TITLE | 36. DATE COMPLETED |
|---|---|---|
| | | 08/17/00 |
| | | LAB. LOCATION NEW YORK |

DEA Form (Sept. 1995) - 7   Previous edition dated 4/90 may be used until stock is exhausted.   4- Hqs. File (PINK)