Mr. Aaron Barrows
Registration No. 23282-038
FCI-McKean P.O. Box 8000        Bradford, Pennsylvania 16701

May 2, 2005

Your Honor,

I am writing in response to your denial without prejudice Order of my motion to appoint counsel.

It is unclear as to why you feel that my need for counsel is unwarranted in a proceeding of this nature. I do my best to be as litigious as possible, but I feel I am no match for the litigators in this federal system.

Therefore, I am requesting your advice on how I should proceed to remedy the errors that affect my sentence.

Your Honor, I feel that each day I sit here my rights as a United States citizen are violated due to the erroneous application of the existing federal guidelines. It was ruled this year that via Blakely, Booker, Fanfan, and Sheperd that, "anything other that a prior criminal history that enhances a sentence above its base offense level is unconstitutional if it was not heard by a jury or agreed to by the defendant." In the immediate case I never agreed to the government's version of the events, the quantity and/or purity of the substance in question nor was I in agreement with the government's application of the probation department's recommendation via the pre-sentence report.

The governments numerous errors caused the probation department to recommend a sentence far greater than what was called for in the immediate case. Moreover, the probation department's use of prior criminal convictions was erroneous as well. In one instance, they separated cases that were consolidated in order to use them as predicate offenses.

In United States v. Buford, 532 U.S. 59 (2001), the Supreme Court ruled that prior convictions that are thus related do not count as separate convictions in determining whether a defendant is a career offender. Also in this particular circumstance a criminal defendant appealing a federal district court's application of the guideline does not dispute any relevant underlying issue of fact, but disagrees only with the district court's conclusion that a legal label failed to fit the undisputed facts.

Letter to the Honorable Judge
May 2, 2005
Page 2


    In <u>Kaufman v. United States</u>, 22 L.Ed.2d. 227 (), the Court ruled that the federal habeas corpus relief is not to be denied to prisoners alleging constitutional deperavation solely on the ground that relief should have been sought by appeal. Also when a prisoner alleges facts which if proved would entitle him/her to relief, the Court has the power to retry the facts.

    In closing, I respectfully request that you either advise me as to how I can obtain the remedy sought or hold an **exparte** hearing for suitability or a denovo review of the facts to illuminate the errors in question.

    Your Honor, I would like to respectfully thank you for your time, as well as your patience in this matter. It is my prayer that you, your Honor, will see that my attempts to remedy these errors are not an attempt to escape responsibility for my involvement in the crime in question, but an attempt to preserve the rights afforded to me by the United States Constitution.

    Again, I thank you for your time. Please do not construe this letter as a motion.

                                       Respectfully submitted,

                                       Aaron Barrows
                                     FCI-McKean County
                                     P.O. Box 8000
                                     Bradford, PA 16701