UNITED STATES DISTRICT COURT
DISTRICT of MASSACHUSETTS (Boston)

| | |
|---|---|
| **Aaron Barrows** ) | |
| ) | |
| Petitioner ) | |
| v. ) | Cv. 05-10361-PBS |
| ) | |
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| Respondent ) | |

### Booker/Shepard Memorandum

Now comes Aaron Barrows (Mr. Barrows) in the above titled and captioned case supplementing his pending 2255 petition before this Honorable Court. This supplement is based on recent Supreme Court rulings in U.S. v. Booker, 543 U.S. ___(2005) and U.S. v. Shepard, 544 U.S. ___ (2005), in support of said memorandum Mr. Barrows states the following:

First the possible issue of retroactivity will be resolved. The long string of cases resulting in Booker-FanFan had their beginning in the Supreme Court case, In re Winship. This was the basis for Apprendi/Ring/Blakely rulings culminating with Booker. In Mr. Barrows' case, In re Winship was applicable case law and is every variance in rulings since then. (**In re Winship, 397 U.S. 358 (1970)**)

The relationship to recent Booker ruling concerns the lack of any jury determinations involving applicable enhancing factors. This issue, made more specific in the recent Shepard ruling dealing in particular with prior "convictions" and their application to the ACCA enhancements. The relation or application of Shepard to the present case (which was a burglary case) is the statutory meaning of the prior charge as addressed on pg. 9 of the opinion.

Here we have counterfeit substance in the prior charge with a particular meaning and specific sentence applicable to the charge. As with Shepard, also Massachusetts statute, Shepard requires the Court in necessarily admitted elements…is limited to the terms of the charging document…Id at pg. 12 IV. This was previously addressed in the Memorandum of Law pg. 1, which is presently pending before this Honorable Court.

Based on Shepard, this matter should be addressed per the straight forward language of Shepard. The second opinion by Justice Thomas, concurring in part and concurring in the judgment made it clear that the Apprendi/Booker application to the facts are required to be determined by the Jury not the Judge. Also in the Shepard case of relevance to the present case is that Mr. Barrows has never conceded that his prior state court conviction qualified as a violent felony or serious drug offense. Under 18 U.S.C. § 924, a serious drug offense requires a sentence exceeding one (1) year.

There could be no beyond-a-reasonable-doubt requirements, in this matter without a jury determination, a lacking determination a clear and convincing showing of a Sixth amendment violation per Shepard. With the clear language of Mass General Laws 94C § 32G, this constitutional deficiency clearly is established. In the second Circuit U.S. v. Thomas, 274 F. 3d 655 (2001) held that drug quantity under the statutory scheme of 21 U.S.C. § 841 (b) (1) is an element of the offense, which must be charged in that indictment and submitted to the jury for proof beyond a reasonable doubt. The record is void of any such finding beyond a reasonable doubt by the district court.

The Booker issue addresses the incompatibility of the Federal Sentencing Guidelines mandatory provisions which are not compatible with the long established 6th Amendment Constitutional jury trial requirements. "In a separate opinion authored by

JUSTICE BREYER, the court concludes that in light of this holding, two provisions of the Sentencing Reform Act of 1984 (SRA) that have the effect of making the Guidelines mandatory must be invalidated in order to allow the statute to operate in a manner consistent with congressional intent." Id at pg. 2 opinion of the Court.

Based on the foregoing it could also be reasoned based on the Booker requirement of a jury determination. (Long standing constitutional right) that neither prior to Mr. Barrows had the benefit of any jury determination of the "facts" necessary to actually prove the prior offense existed with the Constitution requiring this for over two centuries any use as a sentencing factor would be questionable if not totally unconstitutional, illegal.

The logic in Booker would deem them irrelevant or in violation of In re Winship 397 U.S. 358, 304 (1970), applicable through the Constitution. Another issue this raises is that of confrontation. The 6th Amendment requires confrontation. This has been denied in pleadings on prior charges and this present charge, and is not a matter just to be ignored. Again it is a substantial rights issue which appears to have very little meaning in the Federal courts. Prosecutor legacies in most cases take precedence while truth, justice, and the law take a back seat. The recent Crawford v. Washington, 158, L Ed 2d. 177 makes clear the confrontation requirement.

By the use of a plea there is no confrontation and "no" jury determination of guilt, Id pg. 5 II of Booker. This is a common law issue and without Mr. Barrows fully admitting to facts, there is no basis in law to find him guilty of the charges for which he is imprisoned. On pages 10 and 11 of Booker, it is clear what must be done to find "guilt", "The jury never heard any evidence of the additional drug quantity and the judge found it

true by preponderance. Thus in Blakely, "the jury's verdict alone does not authorize the sentence.

The question must be asked what was guilt based upon in Mr. Barrows' case? The foregoing alone would warrant a reversing of the sentence.

The question of drug quantity and not properly listed on the indictment is a constitutional issue addressed in the US Supreme Court case, Neder v. United States, 527 U.S. 1, the Supreme Court determined as did the 9th Cir in U.S. v. DuBo, 186 F3rd 1177 (1999) that the indictment must plead to specific statutory language in each of the charges filed against the defendant. As such, there is specific language in each statute that must be identified to put a defendant on proper notice of what constitutes the charge of the grand jury.

See United States v. Brown, 995 F.2d 1493 (10th cir. 1993) ("failure of the indictment to allege all the essential elements of an offense…are a jurisdictional defect requiring dismissal… The absence of prejudice to the defendant does not cure what is necessarily a substantive, jurisdictional defect in the indictment").

The Grand Jury clause of the United States Constitution provides that "no person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury". U.S. Const. Amend V. The court said that: "to comport with the Fifth and Sixth Amendments, a criminal indictment must (1) contain all the elements of the offense so as to fairly inform the defendant of the charges against him, and (2) enable the defendant to plead double jeopardy in defense of future prosecutions for the same offense." United States v. Santeramo, 45 F.3d 622, 624 (2nd cir. 1995).

In the present case there is conflict concerning crack and base cocaine which was addressed in the 2255 memorandum. Since the recent Supreme Court Rulings in Shepard and Booker it has become even more relevant that the actual drug quantity and quality be determined by a jury. The prejudice suffered by Mr. Barrows is actually due to the fact that without this required determination a sentence of anything based on anything was in fact imposed.

Further bias would have entered the sentencing scheme being the P.S.I. report and the prosecution would have undue influence on the judge who would be "stuck" with only government favorable information in front of him/her. Information is used instead of facts being without some sort of unanimous decision by a jury, the best one could hope for is some sort of sympathy from the judge, which would not be likely. The sentence rendered could not be one based on law and facts, rather of opinion and personal wants, neither of which would be in favor of the defendant.

The preponderance would have the same outcome as the old adage "garbage in garbage out" or unsubstantiated information in, unsubstantiated (unjust) information out. The distinction must be made on the cocaine form, being that courts are now able to sentence to lesser terms. Especially those dealing with crack cocaine cases or as claimed "base". Terms equal with or lesser to powder cocaine terms can now be given. See United States v. Peterson, 143 F Supp. 2d. 569 (E.D. Va. 2001); United States v. Smith, D.C. E.D.W. No. 02cr 163 (March 2005).

The application of Shepard v. United States in this matter relates to how the prior convictions were improperly used to enhance the present sentence. Without the actual known "drug type" there could not be a true or correct sentence imposed. The Shepard

case dealt with burglary and generic burglary while here we deal with cocaine and cocaine base, which has different sentencing scheduled for equal amounts by weight.

Without an actual "knowing" of drug type this argument would go right back to the indictment and plea which neither could be valid. The only way this deficit in sentencing due to extreme prejudice could be resolved would be by a shorter sentence in line with "facts", which in this case have not been established beyond any reasonable doubt.

In this case the error is plain; to be plain it must be clear and obvious. See U.S. v. Gore, 154 F 3d 34, 43 (2nd. Cir. 1998). The foregoing has made that point very clear and undisputable being the record is truly void of any jury determination. The Constitutional deprivation of provisions created this deficit, which has been clearly and concisely shown in most part by the lack of or any record showing the meeting by the A.U.S.A. or the court of specified and required Constitutional provisions being.

Mr. Barrows prays this Honorable court will take the foregoing into consideration in any decisions it makes concerning this matter. That considering the amount of time already spent in prison, any substantial reduction or release would be appropriate action by the Court. Thank you.

Respectfully submitted,

*Aaron Barrows*

Aaron Barrows, pro-se
FCI-McKean County
P.O. Box 8000
Bradford, PA 16701