UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS (BOSTON)

Aaron Barrows,            )
    Petitioner            )
                          )
    versus                )    Case No. 05-10361-PBS
                          )
United States of America  )

**Dodd Motion
To supplement 28 U.S.C.A.
§ 2255 Motion**

Now comes the Petitioner, Barrows, by and through pro-se, in the above mentioned case, respectfully urges this Honorable Court to grant him leave to supplement his Habeas Corpus Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C.A. § 2255 under United States v Dodd, U.S. v Booker, 543 U.S._(2005) and U.S. v Shepard, 544_(2005) in support of supplement 28 U.S.C.A. states the following:

1) **Petitioner would like to preserve the possible issue of retroactivity of the recent Booker/Shepard case(s).**

On January 12, 2005, the United States Supreme Court resolved the case of U.S. v Booker. In its 5 to 4 decision, the High Court did what Petitioner Barrows found to be challenging and frustrating in the above mentioned case. The High Court found the omnibus Sentencing Guidelines to be violative of the Sixth Amendment of the Constitution in direct conflict with Petitioner Barrows' right to a jury trial. To the extent that the Sentencing Guidelines may be increased from on guideline range to another (in the present case 18 to 34 CHC VI) based on facts not proved beyond a reasonable doubt by a jury, the Court found that it ran afoul the Constitution, finding that the Sentencing Guideline are only advisory, the Supreme Court brought constitutionality back to the sentencing process but also brought confusion to status of many, many criminal cases pending in courts.

Eight months later, the various circuits and their many district courts, have been all across the spectrum as to how to apply Booker, attempting to restrict its apparent implications to minimize the effects on pending cases both on direct appeal and collateral review. The biggest question is whether the impact and import of Booker can be made retroactive.

Petitioner and the average lay person would expect that the decision of the Supreme Court must be retroactive. If the Court says that the prior applications of the Sentencing Guidelines was unconstitutional, it would only be appropriate to apply that analysis to current and prior cases. Prior Supreme Court decisions would even give support for that view. In Yates v Aiken, 108 S. Ct 534 (1998) the Supreme Court had the opportunity to review when new rulings should be made applicable to cases on collateral review. In reaching its conclusion, the Court looked to a prior decision of the Court to distinguish between new rules of law and new applications of already well established principles.

The Yates court, looking to a prior opinion of Justice Harlan in Desist v U.S. 89 SCT 1030 (1969), recognized that this distinction between new rules, and the application of old rules to new situations was settled **"[W]hen a decision of this Court merely has applied settled precedents to new and different factual situations, no real question has arisen as to whether the later decision should apply retrospectively. In such cases, because the later decision has not in fact altered that rule in any material way."** United States v Johnson, 457 U.S. 537 549, 102 S. Ct. 2579, 2586. 73 L. Ed. 2d 202 (1982)

Unfortunately, the ideas of due process and the Sixth Amendment right to the primacy of jury making decisions beyond a reasonable doubt seems to be considered a new idea and not "settled precedent." One of the reasons for this is the statutory limitation, created by Congress, restricting gatekeeping requisites for collateral petitions on habeas corpus (AEDPA) one year rule.

The Petitioner has a due process right to be sentenced according to accurate

information, and found guilty of every element of the offense beyond a reasonable doubt, is a well established, longstanding principle of our system of justice. It is this principle that we need to get our Honorable Judges to recognize as a right that must always be applied currently and retroactively to give support to the clear views of the constitution.

One judge who grappled with this issue was U.S. D.J. Joseph Bataillion. U.S. v Okai WL 2042301 (2005) Judge Bataillion continues the strong analysis he started in previous cases of U.S. v Huerta-Rodriguez in the areas of due process and burdens of proof. The key point to his analysis is:

**"Although a misallocation of facts finding responsibility (judge v jury) does not warrant retroactive application, Schiro, 124 S. Ct. at 2523, the same can not be said for the retroactivity of application of a preponderence of evidence standard as opposed to a reasonable doubt standard. See Hankerson v North Carolina, 432 U.S. 233 (1997) (giving retroactive effects to rule requiring proof of all elements to defendant); Ivan v City of New York, 407 U.S. 203, 205 (1972) (holding that the purpose of a reasonable doubt standard is "to overcome an aspect of a criminal trial that impairs the truth-finding function, and Windship is thus to given complete retroactive effect").** Application of a lower standard of proof may be an error that significantly affects the factfinding accuracy and undermines society's confidence in the result of the trial. See Schiro, 128 S. Ct. at 2523.

In reading his opinions, Petitioner Barrows believes he is correct in holding that principle of burden of proof, that is "beyond a reasonable doubt" versus "a preponderance of the evidence" is a principle that carries with it retroactive application. Consequently, it is that avenue upon which collateral review issues should be driven and not the misallocation of fact finding responsibilities, a course of belief rejected by so many circuit courts to date.

The Okai case is the first to recognize the basic and fundamental distinction made by the Supreme Court in Schriro. This argument has been made in many

courts. Ultimately, Petitioner has to believe this will be the correct language of the Supreme Court Apprendi/Blakely/Booker/Shepard should be applied retroactively. Petitioner has no other choice but to believe as well as interpret that the application of reasonable doubt standard of review that was central to the In Re Windship decision. Petitioner should be in case of legal reasoning be the basis for the present case. In U.S. v Dodd, the Supreme Court stated that any successive petition or other claim for relief based upon a rule of law was not yet made retroactive. In fact the court recognized that their ruling would require individuals to file for relief before they would even know whether the new ruling was made retroactively applicable or not.

**WHEREFORE,** Petitioner prays this Honorable Court allow Petitioner's Dodd motion to supplement the current 28 U.S.C.A. § 2255 motion. So Petitioner no longer has to continue to have his violations of his constitutional rights and jurisdictional defects pretained the current case of Barrows v U.S. case number 0510361 (PBS) any longer hinder justice being served.

Respectfully Submitted

*Aaron Barrows*
Aaron Barrows, Pro-Se
(23282-038)
FCI McKean
P.O. Box 8000
Bradford, PA 16701