UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| AARON BARROWS,<br>        Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br>        Respondent. | )<br>)<br>)<br>)<br>)   Civil No. 05-10361-PBS<br>)<br>)<br>)<br>) |

## GOVERNMENT'S MOTION FOR BRIEF EXTENSION OF TIME

The United States, by and through the undersigned attorney, hereby respectfully moves this Honorable Court for a period of two additional weeks (*i.e.,* until March 3, 2006) to file a response to the Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (the "§ 2255 Motion"). In support of this motion, the government states as follows:

1. Petitioner's § 2255 Motion sets forth two grounds for post-conviction relief: (1) that re-sentencing is warranted because Petitioner was improperly sentenced as a Career Offender, and (2) that Petitioner is entitled to relief under Apprendi v. New Jersey, 550 U.S. 466 (2000), Blakely v. Washington, 124 S.Ct. 2531 (2004) and United States v. Booker, 125 S.Ct. 738 (2005) because the Court applied the U.S. Sentencing Guidelines applicable to "crack cocaine" without a jury determination that the controlled substance at issue was, in fact, "crack cocaine."

2. The undersigned attorney for the government was just assigned to respond to Petitioner's §2255 Motion. Prior to assigning this case to the undersigned attorney, however, AUSA's previously assigned to this matter retrieved the underlying criminal case file from archives, reviewed the file, and investigated

        Petitioner's claims.  The government has determined that Petitioner's § 2255 Motion raises serious issues, both procedural and substantive.  First, it appears that Petitioner may, in fact, have been improperly sentenced as a Career Offender because one of the two predicate convictions does not appear to qualify as a "prior felony conviction" under U.S.S.G. §§ 4B1.1 and 4B1.2.  Serious procedural problems exist, however, including the applicable one-year statute of limitations.  The government is actively investigating these important issues and requests a brief extension of time to finalize its investigation and response.

3.    The extension of time sought by this motion will not prejudice the Petitioner.  At sentencing, all parties (the government, the defense, and the Court) agreed that the applicable Guideline range, which included the Career Offender enhancement, was 188-235 months imprisonment.  The Court granted a downward departure based on U.S.S.G. § 4A1.3 (overstated criminal history), which reduced the applicable Guideline range to 168-210, and sentenced Petitioner to a term of imprisonment of <u>168 months</u>.  Barrows was arrested on the indictment underlying his § 2255 Motion on September 13, 2000.  He has therefore served approximately <u>65 months</u> to date. Without the Career Offender enhancement, the applicable Guideline range would be <u>140-175 months</u>.

4.    The undersigned attorney, who was just assigned to this matter, however, is not previously familiar with the Petitioner's criminal case, which was prosecuted by former AUSA Joseph LaPlante in 2000-2001.  The government respectfully requests an additional 14 days to review the case file and prepare an appropriate response to Petitioner's §2255 Motion.

5. The government notes that in light of the possibility of re-sentencing here, a Status Conference and/or the appointment of defense counsel may also facilitate a just resolution of this matter.

WHEREFORE, the government respectfully moves this Honorable Court for an enlargement of time until March 3, 2006, to file a response to the Petitioner's Motion to Vacate and Correct Sentence Pursuant to 28 U.S.C. § 2255.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

Date: February 17, 2006

By: */s/ Lisa M. Asiaf*
LISA M. ASIAF
Assistant U.S. Attorney
Tel: (617) 748-3268

CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on February 17, 2006.

*/s/ Lisa M. Asiaf*
LISA M. ASIAF
Assistant U.S. Attorney