UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Aaron Barrows,

    Petitioner,

v.                                                Civil No. 05-10361(PBS)

United States,

    Respondent.    /

PETITIONER'S MOTION IN RESPONSE TO GOVERNMENT'S
REPLY OF PETITIONER'S U.S.C. 28 U.S.C. § 2255 MOTION

    Petitioner's only objection to the government's Reply of his U.S.C. § 2255 motion is the criminal history points. The Pre-Sentence Report is unjust, due to the fact that the point total is off by two (2) points which would bring Petitioner Barrows criminal history category to IV, opposed to the V once believed by this Court and petitioner.

    Petitioner Barrows was sentenced to (Exhibit I) three (3) one year and a day sentences to run from and after counts one (1) through three (3). Under 4A1.1, in order to receive three (3) points for one prior conviction, the sentences had to exceed one year and one month; only then could they be counted as three (3) points.

    In its pertinent part, 18 U.S.C., U.S.S.G. §4A1.1(a)&(b) reads:

> §4A1.1. Criminal History Category
> The total from items (a) through (f) determine the criminal history category in the Sentencing Table in Chapter Five, Part A.
> (a) Add 3 points for each prior sentence of imprisonment exceeding one year and one month.
> (b) Add 2 points for each prior sentence of imprisonment of at least sixty days not counted in (a).
> (Emphasis added.)

- 1 -

In the present case, three (3) points is inappropriate.

Petitioner Barrows was sentenced by Middlesex Superior Court to three (3) consecutive one year and a _day_ sentences; _not_ one year and a _month_ sentences. This would make Petitioner Barrows' criminal history points ten (10). Petitioner Barrows also received one (1) point unjustly for a minor shoplifting case. There was no judgment entered in this case. Under Massachusetts General Law, there is what is called a "Continue Without A Finding". Pursuant to this law, petitioner was not placed on probation and there was no actual conviction. It was just filed; there was no conviction to justify the additional criminal history point.

Thus, petitioner's criminal history points would add up to nine (9) points, placing him in criminal history category IV, not V. The corresponding guideline range is 121 to 151 months. In the plea agreement, the government agreed to recommend the low end of the guideline range.

WHEREFORE, the following objections stated before this Court, the petitioner would request that this Honorable Court consider the appropriate guideline range of 121 to 151 months, under criminal history category IV, at the low end of which was recommended by the government.

Respectfully submitted,

*Aaron Barrows*
Aaron Barrows, pro se
Reg.No. 23282-038
F.C.I. McKean
P.O. Box 8000
Bradford, PA 16701

MAS-20041213
Case 1:05-cv-10361-PBS    Document 16-2    Filed 03/23/2006    Page 1 of 2
04/13/2005
02:03 PM

Commonwealth of Massachusetts
MIDDLESEX SUPERIOR COURT
Case Summary
Criminal Docket

MICR1995-02226
Commonwealth v Barrows, Aaron

| Date | Paper | Text |
|---|---|---|
| 03/14/1997 | | Continued until 03/27/97 EM |
| 03/18/1997 | 34.0 | Writ of Habeas Corpus issued to Middlesex County Jail (Cambridge) for 03/27/97 Motion |
| 03/27/1997 | 34.1 | Counsel's motion to withdraw, filed in Court. |
| 03/27/1997 | | Motion (P#34.1) denied (R Malcolm Graham, Regional Administrative Justice) |
| 03/28/1997 | | Reporter present: Niles Fowlkes. (Motion to Suppress) |
| 04/04/1997 | 35.0 | Deft Files Supplementary Memorandum In Support Of Motions To Suppress Statements Filed In Court |
| 04/04/1997 | 36.0 | Motion by Deft: For Finds for Transcript With Affidavit In Support Filed In Court |
| 04/10/1997 | | Motion (P#36#) allowed (R Malcolm Graham, Regional Administrative Justice) |
| 04/10/1997 | 37.0 | Memorandum And Order On Defendant's Motion To Suppress - Denied (R Malcolm Graham, Regional Administrative Justice) copy to ADA & Atty |
| 04/23/1997 | | Court Reporter Niles Fowlkes is hereby notified to prepare one copy of the transcript of the evidence of 3/27/97 motion to suppress. (Graham, J.). |
| 05/08/1997 | 38.0 | Writ of Habeas Corpus Issued To Middlesex County Jail (Cambridge) for 5/12/97 |
| 05/09/1997 | | 001 thru 006:Plea retracted and plea guilty offered and accepted by the Court. Commonwealth moves for sentence. |
| 05/09/1997 | | RE offense 1: Guilty plea |
| 05/09/1997 | | RE offense 2: Guilty plea |
| 05/09/1997 | | RE offense 3: Guilty plea |
| 05/09/1997 | | RE offense 4: Guilty plea |
| 05/09/1997 | | RE offense 5: Guilty plea |
| 05/09/1997 | | RE offense 6: Guilty plea |
| 05/09/1997 | | [redacted] |
| 05/09/1997 | | Mittimus issued to Sheriff. |
| 05/09/1997 | | Notified of right of appeal under Rule 64 (Appellate Appeal) |
| 05/09/1997 | 39.0 | Motion by Deft: To Stay Imposition Of State Sentence For One Week, Filed in Court |
| 05/09/1997 | | Motion (P#39) allowed (R Malcolm Graham, Regional Administrative Justice) |
| 05/09/1997 | | Continued until 5/16/97 For Disposition |
| 05/09/1997 | | Reporter present: Elizabeth Tyler |
| 05/16/1997 | | Custody is revoked. Execution of sentence on all matters are this day revoked. (R Malcolm Graham, Regional Administrative Justice) |
| 05/16/1997 | | Mittimus issued to MCI Cedar Junction |

MAS-20041213  Case 1:05-cv-10361-PBS   Document 16-2   Filed 03/23/2006   Page 2 of 2   04/13/2005
Commonwealth of Massachusetts
MIDDLESEX SUPERIOR COURT
Case Summary
Criminal Docket
02:03 PM

## MICR1995-02226
## Commonwealth v Barrows, Aaron

| Date | Paper | Text |
|---|---|---|
| 05/16/1997 | | Sentence credit given as per 279:33A: 469 days |
| 05/16/1997 | | Attested copy of Indictment to MCI Cedar Junction Records |
| 05/20/1997 | | ~~[redacted]~~ Administrative Justice) |
| 05/20/1997 | | 001, 002 & 003:Corrected Mittimus issued to MCI Concord. |
| 05/20/1997 | | Attested copy of indictments sent to MCI Concord. |
| 05/22/1997 | 40.0 | Mittimus returned On 001 To MCI Cedar Junction With Service |
| 05/22/1997 | 41.0 | Mittimus returned On 002 To MCI Cedar Junction With Service |
| 05/22/1997 | 42.0 | Mittimus returned On 003 To MCI Cedar Junction With Service |
| 07/10/1997 | | Victim-witness fee paid as assessed $60. |
| 03/16/1999 | | Appearance of Deft's Atty: Beck |
| 03/16/1999 | 43.0 | Clerks Minutes: (Lucie B Pasquale,CM) Presiding PO Joseph Centrella Deft Atty Carol Beck Status Hearing Held CPCS Carol Beck Files Appearance Bail Set $5000 Without Prejudice Cont To For Final Surrender 4-14-99 |
| 03/16/1999 | 44.0 | Clerks Minutes: (Garsh,J) Deft Atty Carol Beck PO Joseph Centrella After Review Of Bail By (Garsh,J) Bail Is To Remain At $5000 Cash |
| 03/16/1999 | | Reporter present: Barbara Gandolfo |
| 03/16/1999 | | Bail set: $5000 Cash |
| 03/16/1999 | | Mittimus Issued |
| 03/16/1999 | | Continued until 4-14-99 Final Surrender |
| 04/15/1999 | 45.0 | Habeas corpus for Deft Returned With Service |
| 09/16/1999 | 46.0 | Habeas corpus for Deft returned without service |
| 09/16/1999 | 47.0 | Clerks Minutes: (Chernoff,J) Presiding PO Joseph Centrella Deft Atty Carik Beck, CPCS Final Surrender Hearing With Drawn By PO Bail Reduced To Personal Recog |
| 09/16/1999 | | Reporter present: Robert Jacques |
| 06/03/2002 | 48.0 | Motion by Deft: Pro Se MotionTo Purge Conviction Information Pursuant to 6-175; Reg. 803 CMR 6.07 (3) (Copy to Graham, J) & ADA |
| 06/03/2002 | | Motion (P#48) Denied without a hearing no basis shown for request to have convictions purged (R Malcolm Graham,J) |
| 06/07/2002 | 49.0 | Commonwealth Files Memorandum In Opposition To The Defendant's Motion To Purge Conviction Information |

## Certificate of Service

I hereby declare that a true and correct copy of the foregoing Petitioner's Response was sent, via U.S. Mail, by deposit in the institution's legal mail box, on this 16th day of March, 2006, to:

[FILED IN CLERK'S OFFICE 2006 MAR 23 P 12:49 U.S. DISTRICT COURT DISTRICT OF MASS.]

Aaron Barrows, pro se